MEMORANDUM *
Defendant Nancy Florence Short stole money from her mother and her mother’s husband’s estate. She pleaded guilty to *524 concealing assets and making a false declaration or statement in violation of 18 U.S.C. § 152(1) and (3), respectively. The district court sentenced her to 60 months’ imprisonment, plus three years of supervised release, and ordered her to pay restitution. This timely appeal from the resulting judgment challenges only the application of a 2-level sentencing enhancement for a vulnerable victim under U.S.S.G. § 3A1.1(b)(1). Reviewing the finding of victim vulnerability for clear error, United States v. Weischedel, 201 F.3d 1250, 1252 (9th Cir.2000), we affirm.
The district court did not clearly err in finding that Defendant’s mother was particularly susceptible to the criminal conduct at issue, U.S.S.G. § 3A1.1(b)(1) cmt. n.2. The court relied on a combination of factors, including the mother’s age (82) and her isolation, which Defendant herself caused. See United States v. Veerapol, 312 F.3d 1128, 1133-34 (9th Cir.2002) (upholding a vulnerable victim enhancement where the defendant’s actions caused the particular vulnerability). Among other things, Defendant told nursing home officials (falsely) that her mother had Alzheimer’s disease, making it less likely that her mother’s complaints of victimization would be believed by authorities and therefore more likely that Defendant’s criminal scheme would succeed, and transferred all her mother’s banking mail to herself. As a result, Defendant’s mother became particularly susceptible to theft by her daughter.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.